UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE BADAL, | ) |
| PLAINTIFF, | ) |
| v. | ) Civil Action No. 17-cv-02482 |
| THE ROTH MORGAN FIRM CORP, | ) |
| DEFENDANT. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Christine Badal, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent a collection letter to Plaintiff which failed to adequately disclose Plaintiff's rights under the law and that failed to adequately disclose the amount of an alleged debt.

4. Plaintiff has a congressionally defined right to receive debt collection communications that adequately and effectively disclose this information.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Christine Badal ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Fifth Third checking account. Plaintiff is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7. Defendant, The Roth Morgan Firm Corp ("Roth") is a Florida corporation with its registered agent Andrew Marrero at 37 N. Orange Ave, Suite 500, Orlando, Florida, 32801. Roth regularly conducts business in Illinois but has not registered with the Illinois Secretary of State. (Exhibit A, Record from Florida Secretary of State).

8. Roth is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others from Illinois consumers, but has failed to obtain a license as a collection agency in Illinois.

9. Roth regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Fifth Third checking account

("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

12. On or about March 9, 2017, Defendant sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit B, Collection Letter).

13. The Letter communicated various credit information to Plaintiff, including an account number, and the identity of the current creditor.

14. The Letter was thus a "communication" as that term is defined at 1692a(2) of the FDCPA.

15. The Letter was Roth's initial communication to Plaintiff.

16. The Letter states that the Balance Due is $2,930.65.

17. However, the letter then states that "NOTE: Your account may be accruing interest on a daily basis, please contact our office for an exact payoff amount."

18. Defendant failed to adequately inform Plaintiff of the amount of the debt due.

19. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt. . . .**

20. Roth failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. 1692g(a)(1).

21. The 7th Circuit has drafted language for debt collectors to use to comply with the FDCPA's amount of debt provision in situations where the amount of the debt varies:

> **As of the date of this letter, you owe $\_\_\_ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].**

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

22. The Letter fails to inform Plaintiff that if she pays the Account Balance, an adjustment may be necessary.

23. The Letter fails to inform Plaintiff that Roth will contact her prior to depositing her payment if such an adjustment is necessary.

24. Roth could have complied with the FDCPA's amount of debt provision by simply including the drafted language for debts such as these.

25. While a debt collector is not required to use this form of words (.*Id.*), Roth failed to include any other language informing Plaintiff of her rights with respect to the allegedly varying amount of the alleged debt.

26. Further, the original creditor, Fifth Third bank, has not added any interest to the alleged debt.

27. The balance of the alleged debt has not changed in several years.

28. Roth's threat that the account may be accruing interest on a daily basis is a false threat.

29. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—
> (A) the character, amount, or legal status of any debt. . .**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.. . . .**

30. Roth falsely represented that the alleged debt was accruing interest and falsely threatened that its client may assess interest, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(5), when it stated that interest may be accruing on the account when its client did not intend to add any interest to the account.

31. Conditional language (i.e. "*may* be accruing interest"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

32. Plaintiff is unable to pay the alleged debt and felt feelings of anxiety and hopelessness that the amount of the debt would increase because of her inability to pay.

33. The Letter included notices, as required under 15 U.S.C. § 1692g(a), that Plaintiff had thirty (30) days after the receipt of the Letter to exercise several rights, including the right to dispute the debt.

34. The Letter, however, fails to disclose to Plaintiff his right to request the name and address of the original creditor in writing within thirty days after receipt of the notice, as required by 15 U.S.C. §1692g(a)(5).

35. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **Validation of debts**
>
> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

36. Roth failed to provide adequate disclosure of Plaintiff's rights, in violation of 15 U.S.C. § 1692g(a)(5), when it failed to include the disclosure regarding Plaintiff's right to request the name and address of the original creditor in writing from Roth within thirty days of the initial communication.

37. It is well settled that an incomplete statement of the section 1692g(a)(1) through (5) information violates the Act. *See, e.g. Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982); *Lombardi v. Columbia Recovery Group, L.L.C.*, 2013 WL 5569465 (W.D. Wash. Oct. 9, 2013) (omitted "any portion" of the debt); *Wilson v. Mattleman, Weinroth & Miller*, 2013 WL 2649507 (D.N.J. June 12, 2013) (failed to state that the debt would be assumed valid); *Wenig v. Messerli & Kramer P.A.*, 2013 WL 1176062 (D. Minn. Mar. 21, 2013) (failed to state the thirty-day time period in which to submit a written dispute); *Welker v. Law Office of Horwitz*, 626 F. Supp. 2d 1068 (S.D. Cal. 2009) (notice of written request requirement); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736 (N.D. Ill. 2003) (failure to state any portion of debt may be disputed and omitting words "in writing").

38. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

40. Roth failed to effectively state the amount of a debt in its initial communication to Plaintiff, in violation of 15 U.S.C. 1692g(a)(1).

41. Roth falsely represented that an alleged debt was accruing interest and falsely threatened that its client may assess interest, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(5), when it stated that interest may be accruing on the account when its client did not intend to add any interest to the account.

42. Roth failed to provide adequate disclosure of Plaintiff's rights, in violation of 15 U.S.C. § 1692g(a)(5), when it failed to include the disclosure regarding Plaintiff's right to request the name and address of the original creditor in writing from Roth within thirty days of the initial communication.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

  A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

  D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman

                                                                               One of Plaintiff's Attorneys

Celetha Chatman  
Michael Wood  
**Community Lawyers Group. Ltd.**  
73 W. Monroe Street, Suite 502  
Chicago, IL 60603  
Ph: (312)757-1880  
Fx: (312)265-3227  
cchatman@communitylawyersgroup.com  
mwood@communitylawyersgroup.com